

Jerold C. Feuerstein, Esq.
(212) 661-2900 ext. 4110
(212) 661-9397 (fax)
jfeuerstein@kandfllp.com

June 9, 2022

*Via ECF*
Hon. Lisa G. Beckerman, U.S.B.J.
U.S. Bankruptcy Court, S.D.N.Y.
One Bowling Green
New York, NY 10004-1408

  Re: In re: 212 East 72nd Street LLC
     Case No. 22-10351-lgb

Dear Judge Beckerman:

  This firm is counsel to 72nd Ninth LLC (the "Secured Creditor"), secured creditor of the Debtor, 212 East 72nd Street LLC (the "Debtor" and together with the Secured Creditor, the "Parties") in the above referenced bankruptcy case. I am writing in response to Debtor's letter filed on June 8, 2022 (ECF No. 52) regarding: (i) the production of Secured Creditor's Appraisal (the "Secured Creditor Appraisal") and (ii) request to review the "Loan Purchase and Sale Agreement" (the "LPSA") in connection with Secured Creditor's Loan.

  Debtor's claims about the "schedule modification" relating to the production of the Secured Creditor Appraisal are entirely misplaced and irrelevant. On June 8, 2022, while Debtor's counsel was at the undersigned's office to conduct a physical inspection and in a subsequent email, Secured Creditor's counsel advised Debtor's counsel that it ordered the transcript of the June 2, 2022 hearing to confirm whether the Secured Creditor Appraisal would be produced on June 14, 2022 or June 16, 2022 and would abide by the Court's ruling reflecting the date of production.[1] In any event, Secured Creditor has no issue with producing the Secured Creditor appraisal on June 14, 2022. The Debtor's proposal, however, to produce its appraisal (if any) on or before June 16, 2022, is problematic as the Secured Creditor's reply in support of Secured Creditor's Motion for Relief From the Automatic Stay (the "MFR") (ECF No. 22) is also due on June 16, 2022. That would mean that Secured Creditor would need to file its reply without having the benefit of having reviewed the Debtor's appraisal or even confirming that the Debtor has, in fact, served an appraisal. We would propose that the Secured Creditor be given at least 48 hours to adjust its reply based on a review of the Debtor's appraisal.

  Debtor's claims relating to the LPSA are also misplaced. As an initial matter, Debtor does not set forth any basis as to why the LPSA should be produced. It has no relevance to the instant case. The LPSA is not part of the Assignment chain (as Debtor suggests). In order to establish standing to lift the automatic stay, the moving party must either be a creditor of a debtor. *See In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing *Roslyn Savings Bank v. Comcoach (In re Comcoach)*, 698 F.2d 571, 573 (2d Cir. 1983)) (holding that "in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor"). This can be done by establishing the movant is the holder of the Note. *See In re*

---

[1] Notably, Debtor's counsel did not provide a copy of the transcript from the June 2, 2022, hearing or attempted "meet and confer" telephonically before filing its June 8, 2022, letter.

*Lindsay*, No. 20-10339-JLG, 2021 Bankr. LEXIS 187 (Bankr. S.D.N.Y. Jan. 27, 2021); *In re 5th St. Parking LLC*, No. 19-12821 (MG), 2020 Bankr. LEXIS 191 (Bankr. S.D.N.Y. Jan. 24, 2020). Furthermore, Secured Creditor's standing as owner of the Note and the Mortgage has been established pursuant to relevant New York State law. In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *See U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 753 [2d Dep't 2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." (*Id.* at 754); (*Aurora Loan Services, LLC v. Taylor*, 114 A.D.3d 627, 628-29 (2d Dep't 2014); *aff'd* 25 N.Y.3d 355 (2015).

As set forth in the MFR, Secured Creditor has provided the relevant Notes with allonges, Mortgages and Assignments of Mortgages. Moreover, the purchase price and the terms of the LPSA are not relevant for the MFR. The LPSA and the terms contained therein are also confidential and proprietary. As such, any production of the LPSA can only be intended to annoy and harass Secured Creditor.

Further, the Debtor consented to a Judgment of Foreclosure and Sale (the "JFS") (See MFR Application, at ¶¶ 49-50; Ex. V & W).[2] The Debtor is merely seeking to relitigate irrelevant state court claims that are barred by the JFS, as any claims relating to the JFS are barred pursuant to the *Rooker-Feldman* doctrine that "stands for the proposition that lower federal courts possess no power whatever to sit in direct review of state court decisions[,]" *Swiatkowski v. Citibank*, 745 F.Supp.2d 150 (E.D.N.Y. 2010), and "strip(s) federal subject matter jurisdiction over lawsuits that are in substance, appeals from state court decisions." *See In Re Ward*, 432 B.R. 22 (Bankr. E.D.N.Y 2010), *citing Book v. Mort. Elec. Registration Sys.*, 608 F. Supp. 277, 288 (D. Conn. 2009). The *Rooker-Feldman* doctrine applies to bar review in federal courts of state court foreclosure judgments when judgment was rendered before the federal proceedings were commenced. *Feinstein v. Chase Manhattan Bank*, 2006 U.S. Dist. LEXIS 16507 (E.D.N.Y 2006). Not surprisingly, it bars a bankruptcy court's review of state court foreclosure judgments when judgment was rendered before the Debtor commenced their bankruptcy case. *In Re Castaldo*, 2006 WL 3531459 (Bankr. S.D.N.Y. 2006); *In Re Sanders*, 408 B.R. 25 (Bankr. S.D.N.Y. 2009).[3]

At the June 2, 2022, hearing, the Court limited Debtor's verbal discovery requests relating to the underlying documents annexed to the MFR because (in part) of limitations imposed upon the Debtor by virtue of the JFS and the irrelevant nature of the claims asserted by Debtor. The LPSA has no relevance to the MFR.

Moreover, the Debtor's request for this Court to order production of the LPSA violates the Local Rules. Local Rule 7007-1 requests an informal conference prior to filing a motion to compel. *See* Local Rule 7007-1.

---

[2] "MFR Application" shall refer to the Application annexed to the MFR.

[3] Similarly, *res judicata* precludes Debtor's inquiry into the LPSA. In a foreclosure action, a final judgment on the merits precludes the parties from relitigating issues that were litigated and those that could have been raised in that action. *See Sharp v. Inc. Vill. of Farmingdale*, 2017 U.S. Dist. LEXIS 135405 (E.D.N.Y. 2017); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 381 (2d Cir. 2003); *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983). This also applies to state court foreclosure judgments. *In Re Residential Cap., LLC*, 513 B.R. 446 (Bankr. S.D.N.Y. 2014).

      The Court's courtesies are appreciated. Should you require anything further, please do not hesitate to contact the undersigned.

                              Respectfully,

                              */s/ Jerold C. Feuerstein*
                              Jerold C. Feuerstein, Esq.

                              *Counsel for 72nd Ninth LLC*

cc:     Leo Fox, Esq. (via ECF & email: *leofox@leofoxlaw.com*)
        All other parties via ECF