**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**In re:**                                                                    Chapter 11

   **212 East 72nd Street LLC,**                       Case No. 22-10351-lgb

                     **Debtor.**
-------------------------------------------------------------x

## ORDER APPROVING 72nd NINTH LLC THIRD AMENDED PLAN OF LIQUIDATION FOR DEBTOR AND CONDITIONALLY APPROVING SALE OF DEBTOR'S REAL PROPERTY TO 72nd NINTH LLC

Upon the Motion (the "Motion")[1] of 72nd Ninth LLC (the "Secured Creditor"), as secured creditor and mortgagee of the above captioned debtor and debtor-in-possession (the "Debtor"), and as interested parties in this Chapter 11 case (the "Chapter 11 Case"), to modify the confirmed Second Amended Plan of Liquidation for Debtor (the "Plan"), a copy of which is attached to Exhibit "A" to the Order Confirming 72nd Ninth LLC's Second Amended Chapter 11 Plan of Liquidation for the Debtor [ECF No. 137] (the "Confirmation Order"); and upon the 72nd Ninth LLC's Third Amended Plan of Liquidation for Debtor (the "Modified Plan") [ECF No. 157] and the Stipulation to Modify Confirmed Plan (the "Stipulation") annexed to the Modified Plan as Exhibit 1; and upon the Order (I) Approving 72nd Ninth LLC's Disclosure Statement for Plan of Liquidation for Debtor; (II) Scheduling Hearing on Confirmation of the Plan and Approving Notice Thereof; (III) Approving Ballots and (IV) Approving Bid Procedures Relating to the Sale of Debtor's Real Property [ECF No. 127], which, among other things, approved certain bid procedures (the "Bid Procedures"), which governed the sale of the Debtor's property, commonly known as 212 East 72nd Street, New York, New York 10021 (Block: 1426, Lot 42); and upon the Declaration of Matthew Lesser Regarding Results of Sale Pursuant to Local Bankruptcy Rule 6004-1(f) [ECF No. 164] (the "Lesser Declaration"); and upon the Declaration of Shoshana Carmel Regarding Good Faith of 72nd Ninth LLC in Connection with Sale of Debtor's Property [ECF No. 160]; and upon the Status

---

[1] Capitalized terms not defined herein shall have the definitions set forth in the Motion.

1

Statement filed by Debtor [ECF No. 162]; and upon the Reply in Further Support of the Motion filed by Secured Creditor [ECF No. 165] and upon a hearing held on April 4, 2023 (the "<u>Modified Plan Hearing</u>"); and upon all of the pleadings and proceedings heretofore had herein, after due deliberation and sufficient cause appearing therefor, it is,

**HEREBY FOUND, DETERMINED AND CONCLUDED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. The Court has made specific findings on the record of the Modified Plan Hearing that are incorporated herein.

B. This Court has jurisdiction over the sale of the Property and the Modified Plan (and the relief requested therein) pursuant to 28 U.S.C. §§ 157 and 1334.

C. The Court has jurisdiction over this matter and over the assets of the Debtor and of its estate, including, without limitation, the Property to be sold, transferred, and conveyed pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the sale of the Property in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory predicates for the relief sought in the Motion, including confirmation of the Modified Plan and the contingent sale of the Property and the basis for the approvals and authorizations herein are (i) Bankruptcy Code §§ 102, 105, 365, 1123, 1127 and 1129 and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

E. The relief granted in this Order is in the best interests of the Debtor, its estate, and its creditors and all other parties in interest and is necessary and appropriate.

F. As evidenced by certificates of service filed with the Court, adequate notice of the Motion, the Modified Plan Hearing, and the sale process for the Property, and a reasonable opportunity to object or be heard with respect thereto, has been given to all interested persons and

entities, including, without limitation: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtor's assets; and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case and no other or further notice is necessary or required.

G. The marketing and bidding processes implemented by the Secured Creditor and the Broker, as set forth in the Lesser Declaration, were fair, proper, and reasonably calculated to result in the best value received for the Property.

H. The marketing and bid process was conducted in a commercially reasonable, non-collusive, fair and good faith manner and in compliance with the Plan, the Bid Procedures, and the Confirmation Order.

I. The only and highest and best bid for the Property is the bid from the Secured Creditor for credit and sufficient cash to make the cash distributions the Plan (and the Modified Plan) requires to go effective.

J. The Secured Creditor (or its assignee, nominee, or designee) (the "Successful Bidder") is the "Successful Bidder" under the Bid Procedures. In furtherance of the foregoing, the Secured Creditor may assign their successful bid to a nominee, designee, or assignee at or before closing on the sale of the Property.

K. The sale to the Successful Bidder is an arms-length transaction and is being entered into in good faith by the parties.

L. The Successful Bidder is deemed to be a good faith purchaser of the Property and is therefore entitled to all the protections afforded a good faith purchaser.

M. No evidence has been presented to the Court of any agreement amongst potential bidders that impacted the bidding and/or sale price.

N. The Sale to the Successful Bidder in accordance with this Order will comply with the Plan, the Bid Procedures, the Confirmation Order and the Modified Plan.

O. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the parties may consummate the transactions provided for hereunder immediately upon entry of this Order. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

P. The Property may be sold by the Debtor or the Secured Creditor acting on behalf of the Debtor to the extent provided in the Modified Plan free and clear of the liens and encumbrances pursuant to the terms of this Order, and the Secured Creditor has satisfied the burden to establish the foregoing with admissible evidence by preponderance of the evidence.

Q. The Plan has not been substantially consummated.

R. Cause exists to modify the Plan under Section 1127(b) of the Bankruptcy Code as provided by and should be replaced with the Modified Plan.

S. The Modified Plan satisfies the confirmation requirements of Section 1129 of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

ORDERED, that the Motion is hereby GRANTED; and it is further

ORDERED, that any objections to the Motion are overruled; and it is further

ORDERED, that the Plan is modified and replaced by the Modified Plan; and it is further

ORDERED, that the Modified Plan is confirmed pursuant to Bankruptcy Code Section 1127(b) and Section 1129; and it is further

ORDERED, that in the event of a conflict between the Modified Plan and the provisions of the Stipulation, the Stipulation shall control; and it is further

ORDERED, that provided that if the Debtor fails to exercise the Payment Option under the Modified Plan:

4

1. That the Debtor and the Secured Creditor are authorized, empowered and directed to consummate the Sale of the Property to the Successful Bidder under the Modified Plan and this Order.

2. The Debtor is hereby authorized to sell the Property to the Successful Bidder and such sale shall be free and clear of all claims, liens, and encumbrances against the Property of any nature whatsoever (except as to the extent that the Secured Creditor's liens are assigned to a lender to the Successful Bidder).

3. The Successful Bidder shall not assume and the Debtor shall be deemed to have rejected all unexpired leases and executory contracts.

4. Effective on the closing of the sale of the Property to the Successful Bidder, all entities, including, but not limited to, the Debtor and its creditors, employees, former employees, members, equity owners, as well as administrative agencies, tax and regulatory authorities, governmental agencies, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any claim and encumbrances against the Property, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Successful Bidder its members, representatives, affiliates, assignees, designees, nominees, successors in interest or otherwise, with respect to: (i) any claims and encumbrances on, in respect of or against the Debtor or the Property; and (ii) recovering on any claim which such person or entity had or may have against the Debtor or Property.

5. The Successful Bidder is deemed to be a good faith purchaser of the Property and is therefore entitled to all the protections afforded a good faith purchaser.

6. The Debtor, the Secured Creditor and the Successful Bidder is authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein.

7. At the closing of the sale of the Property, the Debtor (or its agent), or the Secured Creditor acting on behalf of the Debtor to the extent provided in the Plan shall deliver all documents and items necessary to convey title to the Successful Bidder including:

   (i) A Deed that provides for the conveyance of title to the Successful Bidder, the terms of which shall be acceptable to the Secured Creditor and the Successful Bidder;

   (ii) All documents to show that the Debtor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code 1986, as amended, or any regulations promulgated thereunder (as such "foreign person" is defined in the Internal Revenue Code);

   (iii) All documents relating to the Property including (without limitation) any original leases and copies of leases relating to the Property, to the extent that such documents are in the possession, custody or control of the Debtor and/or its affiliates, agents, employees and managing agent;

   (iv) A bill of sale;

   (v) All keys and/or access cards relating to the Property, if any, to the extent that such keys and/or cards are in the possession, custody or control of the Debtor and/or its affiliates, agents, employees and/or agent;

   (vi) An executed title affidavit and any other document required by the title company to issue a title insurance policy to the Successful Bidder; and

   (vii) Any other document reasonably required to effectuate the closing of the sale of the Property to the Successful Bidder.

8. Each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the

sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording.

9. Pursuant to Section 1146(a) of the Bankruptcy Code, the sale of the Property as contemplated by the Bid Procedures Order, the Modified Plan, the Confirmation Order and this Order shall be exempt from the payment of transfer, stamp, deed, mortgage recording, or similar taxes, upon the recording of the deed and shall be exempt from the payment of any mortgage recordation tax upon the recording of the purchase money mortgage, and any recorder of deeds or similar official for any governmental unit in which any instrument hereunder is to be recorded shall be ordered and directed to accept such instrument without requiring the payment of any transfer, stamp, deed, mortgage recording, or similar taxes.

10. Pursuant to section 8.1 of the Modified Plan, the Proponent is authorized to sign any and all documents in connection with the sale and transfer of the Property to the Successful Bidder on behalf of the Debtor at or in anticipation of closing of the Sale, including any or all of the deed, ACRIS transfer documents, assignment of leases and rents, title affidavit(s), purchase and sale agreement, escrow agreement, settlement statement, non-foreign person certification, and bill of sale; and it is further

ORDERED, that this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise

4883-8383-1899, v. 3

record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

ORDERED, that if the Property is sold to the Successful Bidder, the Successful Bidder shall pay the Broker $75,000.00 for the Broker's commission and $1,200.00 for expenses at the closing of the Sale of the Property to the Successful Bidder; and it is further

ORDERED, that if the Debtor satisfies the Payment Option, the Debtor shall pay the Broker $75,000 for the Broker's commission and $1,200.00 for expenses at the closing of the Sale of the Property to the Successful Bidder; and it is further

ORDERED, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

ORDERED, that this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and it is further

ORDERED, that the provisions of this Order shall survive and be enforceable in the event of conversion of this case to Chapter 7 of the Bankruptcy Code or dismissal; and it is further

ORDERED, that notwithstanding anything to the contrary, for avoidance of doubt, in the event the Debtor and/or Occupants fail to comply with the Modified Plan and/or Stipulation, nothing contained herein shall constitute any waiver of the Secured Creditor's rights and remedies relating to a deficiency claim against any guarantor or other non-Debtor entity liable to the Secured Creditor; and it is further

4883-8383-1899, v. 3

ORDERED, that within fourteen (14) days after the conclusion of the Closing, the Secured Creditors will provide the United States Trustee (attention: Andrea B. Schwartz, Esq.) with a copy of the closing statement by electronic mail message. The Disbursing Agent shall report any disbursements made at closing in its relevant monthly operating report(s) and/or post-confirmation reports (as applicable); and it is further

ORDERED, that this Court shall retain jurisdiction to determine any dispute which may arise under, relating to or with respect to this Order.

Dated: New York, New York
      April 19, 2023

                                                     **/s/ Lisa G. Beckerman**
                                                    Hon. Lisa G. Beckerman
                                                    United States Bankruptcy Judge